IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:17-905-JFA |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| JOHN PHILLIP DRAWDY ) | |
| _____ ) | |

This matter is before the court on the defendant's *pro se* motions for a reduction in his sentence pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A) (ECF Nos. 381, 435). The defendant claims that his health conditions and his family circumstances warrant consideration of his release from prison.[2]

The government has responded in opposition, arguing that none of the positions advanced by the defendant have merit. Additionally, the government asserts that the statutory sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of the defendant's release. The defendant has not replied to the government's supplemental response.

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

[2] The original sentencing judge in this case was the Honorable J. Michelle Childs who has since been elevated to the D.C. Circuit Court of Appeals. After the defendant filed a post-judgment motion regarding an extension to file a petition under 28 U.S.C. § 2255, the defendant's case was reassigned to the undersigned. The defendant's first motion for compassionate release (ECF No. 381) was filed on April 3, 2023. Upon motion of the government, this court entered an order on January 17, 2024 allowing the defendant to submit an amended motion for compassionate release within 30 days so that his claims would be consistent with the now-applicable policy statement in U.S.S.G. § 1B1.13 (effective Nov. 1, 2023), *see* 18 U.S.C. § 3582(c)(1)(A). On March 7, 2024, the defendant filed an amended motion for compassionate release (ECF No. 435) and the government filed a supplemental response in opposition (ECF No. 443).

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motions are respectfully denied.

STANDARD OF REVIEW

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010). However, the commonly termed "compassionate release" provision of § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. Under this statute, a district court may reduce a criminal defendant's sentence if the court finds extraordinary and compelling reasons that warrant such a reduction after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to the First Step Act of 2018, courts could only consider compassionate release upon motion of the Bureau of Prisons (BOP). *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Today, however, § 3582(c)(1)(A) allows a defendant to file his own motion for compassionate release directly with the federal court so long as he first fully exhausts all administrative remedies.

Although Congress did not define "extraordinary and compelling" reasons in § 3582(c)(1)(A), the Sentencing Commission addressed the issue in a Policy Statement— United States Sentencing Guideline (U.S.S.G.) § 1B1.13—which provided the BOP with

several categories of "extraordinary and compelling reasons" to consider. *McCoy*, 981 F.3d at 276.

For years following the passage of the First Step Act in 2018, the Sentencing Commission did not update § 1B1.13 to account for motions filed directly by defendants, meaning that the policy did not bind the courts when presented with a defendant's motion for compassionate release. *Id*. at 281– 82, 284. A court, therefore, remained "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id*. at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration and emphasis in original).

However, on November 1, 2023, the Sentencing Commission, via Amendment 814, amended U.S.S.G. §1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction. The qualification list falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. The policy statement also recognizes the possibility that the BOP could identify other grounds that amount to extraordinary and compelling reasons.

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. First, the court determines whether extraordinary and compelling reasons support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Finally, if the court finds that an extraordinary and compelling reason warrants relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. See *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021).

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

Finally, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

### *Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v.*

*Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021),  18 U.S.C. § 3582(c)(1)(A).

The record in this case conclusively demonstrates that the defendant has exhausted his administrative remedies with the Bureau of Prisons and the matter is properly before this court for review.

## PROCEDURAL HISTORY

The record assembled before Judge Childs indicates that the defendant played a leading role in transporting large amounts of methamphetamine from Georgia and Mexico into the Midlands of South Carolina and sold that methamphetamine as well as marijuana and cocaine from his residence. Moreover, the defendant owned multiple firearms, some of which he sold and utilized during his drug trafficking transactions. At least one of his firearms was kept in his bedroom with a minor 15 year old son.  The defendant not only sold drugs in front of his son, but utilized his son in at least two drug transactions, one in which he ordered his son to retrieve change for a drug payment, and another where his son retrieved drugs for him.

In April 2018, the defendant pleaded guilty before Judge Childs to Count 1 of the Indictment which charged distribution of 50 grams or more of methamphetamine and 500 grams or more of a substance containing methamphetamine, in violation of federal law.

The United States Probation Office (USPO) prepared a Presentence Report (PSR) (ECF No. 299) which determined the defendant's Guidelines range as 360 to life, based upon a total offense level of 41 and criminal history category of III.

5

On March 29, 2019, Judge Childs granted the defendant a significant variance from the Guideline range and imposed a sentence of 264 months. The defendant appealed his judgment and conviction which the Fourth Circuit Court of Appeals affirmed in its Opinion filed on June 17, 2020 (ECF No. 328).

The defendant has served approximately 71 months of his 264-month sentence.

## MOTION FOR COMPASSIONATE RELEASE

### I. *Health Conditions*

In his original motion for compassionate release (ECF No. 381), the defendant asserts that he had a "troubled and tragic childhood" and he is at a high risk of becoming seriously ill with permanent, detrimental effects on his physical well-being up to and including death. He contends he is immunocompromised due to his former heavy tobacco use coupled with his untreated underlying medical conditions which include Hepatitis-C, chronic nose bleeds, chronic migraines, fungal infections, and severe rash. He claims the lack of treatment from the BOP is causing him severe pain, stress, and anxiety causing him to live in daily fear for his life. He argues that the COVID-19 pandemic has made his incarceration harsher and more punitive than would otherwise be the case. He also suggests his actions and efforts at post-rehabilitation make it apparent that he is not likely a danger to the safety of anyone or the community itself.

The government submits that the defendant does not have any of the underlying conditions recognized by the Centers for Disease Control (CDC) that would place him at

high risk if he were to contract COVID. The government also notes that the defendant has remained free of any serious medical problems while at the BOP.

The mere existence of the COVID-19 pandemic—which poses a threat to every non-immune individual in the world—cannot independently provide a basis for a sentence reduction or justify compassionate release. However, COVID-19 is certainly relevant to the court's analysis of a § 3582(c)(1)(A) motion for compassionate release. If a defendant has a chronic medical condition that has been identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming seriously ill from COVID-19, it is possible that such medical condition could satisfy the extraordinary and compelling reasons standard. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Rather, the threshold questions are whether the defendant has a particularized risk of contracting COVID-19 in prison and whether his or her medical conditions render them particularly susceptible to severe illness or death should he or she contract the virus. *See United States v. Youngblood*, 858 Fed. Appx. 96, 98 (4th Cir. 2021) (citing *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021)).

After November 1, 2023, § 1B1.13(B)(i) now provides that extraordinary and compelling reasons can exist if: (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease; or (II)

an ongoing public health emergency declared by the appropriate federal, state or local authority.

Fortunately, the threat of COVID has now greatly subsided and there does not exist at present an ongoing public health emergency declared by the appropriate federal, state or local authorities. Additionally, the government notes that the defendant has previously contracted COVID-19 and thankfully appears to have recovered from with without significant consequence.

This court finds that the defendant has not met his burden of showing an extraordinary and compelling reason for consideration of release based on his medical conditions.

## II. *Family Circumstances*

In his amended motion for compassionate release filed through counsel (ECF No. 435), the defendant contends that his father is severely ill and needs a full-time caregiver. The defendant states that these extraordinary and compelling reasons are supported by U.S.S.G. § 1B1.13(c) because he is the only available caregiver for his father.

As the government points out in its opposition memorandum, however, the defendant's assertion is belied by a letter filed with this court by his Aunt in which she stated, "I take care of Roger and his father, Roger Drawdy, Sr. and his step mother Judy." (ECF No. 302, p. 7).

Moreover, even if the defendant was the only caregiver for his father, the defendant still has failed to establish that extraordinary and compelling reasons exist for his immediate

release. In his papers filed with the court, the defendant attaches a letter from the Director of Social Services at the Brian Center St. Andrews which indicates that the father would require 24-hour care. Such a letter from a director of a facility is not sufficient to establish a medical need. Significantly, the defendant did not provide a letter from his father's treating physician or any other medical professional indicating that around the clock care was necessary.

This court agrees with the government and finds that the defendant has not met his burden of showing an extraordinary and compelling reason for consideration of release based on his father's medical care circumstances.

### III. *Rehabilitation*

The defendant asserts that his efforts at post-rehabilitation make it apparent that he will not be a danger to the community upon his release. He states that while his was at a BOP transit center, he risked his own life and performed a heroic act of saving a female correctional officer's life as she was being attacked by another inmate. He agreed to testify against the attacker and later was attacked himself which resulted in him being placed in the Special Housing Unit due to the minor altercation with another inmate.

Commendably, the defendant has worked hard and earned his GED and completed numerous educational courses offered at the BOP. He also serves as a suicide companion at the BOP to sit with suicidal inmates. He states that he is no longer the same man that was sentenced years ago, that he is clean from drugs and sober, is a skilled craftsman, and has a

solid plan upon his release, and that he is a very low risk for recidivism.

The defendant has only received two disciplinary infractions at the BOP—one in October 2023 for giving/accepting money without authorization, and another in December 2020 for fighting with another individual.

### IV. *Home Confinement*

In his amended motion for compassionate release, the defendant asks this court to direct the BOP to place him in home confinement. The government is correct that this court has no authority to direct the BOP to do so. The discretion to release a prisoner to home confinement lies solely with the Attorney General. *See* 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.)

Accordingly, the defendant's request for home confinement is denied.

### CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties under the recent

changes in sentencing laws and amendments to the Guidelines.

In summary, this court does not find an extraordinary and compelling reason for consideration of compassionate release on defendant's claims relating to his medical conditions or his family circumstances. As the court finds no extraordinary and compelling reason on any of the defendant's claims, it is not necessary for the court to address the § 3553(a) factors.

For the reasons stated herein, the defendant's motions (ECF Nos. 381, 435) are respectfully denied.

IT IS SO ORDERED.

February 11, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge